The document below is hereby signed.

Signed: April 22, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LESLIE A. HOLLAND, | ) | Case No. 12-00496 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10040 |
| LESLIE A. HOLLAND, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION RE MOTION TO DISMISS
INSOFAR AS IT ADDRESSES THE CLAIM OBJECTING TO
<u>DISCHARGE UNDER 11 U.S.C. § 727(a)(4)(A) AND (B)</u>

The defendant, Leslie A. Holland, has filed a motion to dismiss this adversary proceeding. The complaint filed by the plaintiff, John Jones, includes several claims. One claim Jones asserts is that Holland "knowingly and fraudulently made a false oath or account and/or presented or used a false claim in violation of 11 U.S.C. § 727(a)(4)(A) and (B)." That type of conclusory allegation does not state a claim upon which relief

can be granted.

    Jones failed timely to respond to the motion to dismiss, and has not filed an amended complaint correcting this glaring deficiency.  The court is allowing an opposition to the defendant's motion to dismiss to be filed out of time, but Jones' opposition does not respond to the request to dismiss the claim under 11 U.S.C. § 727(a)(4)(A) and (B).[1]  The claim must be dismissed with prejudice.

    Jones filed his complaint on October 22, 2012, the last day to object to discharge; the plaintiff did not make service of the complaint until February 5, 2013 (despite the ability to make service by mail to the debtor and her attorney at their addresses of record under Fed. R. Bankr. P. 7004(b)(1) and (g)); the defendant's motion to dismiss was filed on February 25, 2013, pointing out the glaring deficiency in the pleading of the claim; Jones' counsel appeared at a scheduling conference on March 5, 2013, at which he did not voice any need for additional time to respond to the motion to dismiss; not until March 27, 2013, did he file a motion to enlarge the time to oppose the motion to

---

[1] Jones' opposition does refer in a footnote to the objection to discharge filed in the main case, Case No. 12-00496.  Under Fed. R. Bankr. P. 7001, an objection to discharge must be brought as an adversary proceeding, which under Fed. R. Bankr. P. 7003 requires the filing of a complaint.  Moreover, that objection in the main case is cast in the same conclusory terms as the claim objecting to discharge in this adversary proceeding.

dismiss; and not until March 29, 2013, did he file an opposition to the motion to dismiss. Moreover, his opposition fails to address the request to dismiss this part of the complaint, and suggests no facts that would support a denial of discharge under § 727(a)(4)(A) and (B).

The debtor would have received a discharge months ago but for Jones' meritless objection under § 727(a)(4)(A) and (B). Without a discharge, she is being deprived of the fresh start that is a primary goal for filing a bankruptcy case. Jones' claims that the debts Holland owes him are nondischargeable under 11 U.S.C. § 523(a), and that they will thus be unaffected by the discharge, are not addressed by this decision.

Pursuant to Fed. R. Civ. P. 54(b), the court expressly determines that there is no just reason for delay, and that the clerk should be directed to enter a final, appealable judgment dismissing this claim under § 727(a)(4)(A) and (B) with prejudice. That judgment follows.

[Signed and dated above.]

Copies to: All counsel of record.