The document below is hereby signed.

Signed: May 21, 2013



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LESLIE A. HOLLAND, | ) | Case No. 12-00496 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10040 |
| LESLIE A. HOLLAND, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE MOTION TO DISMISS

The defendant, Leslie Holland, has filed a motion to dismiss this adversary proceeding, and has filed an affidavit of herself in support of the motion. If the court were to consider Holland's affidavit in deciding the motion, however, it would be necessary to treat the motion as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d), made applicable to these proceedings under Fed. R. Bankr. P. 7012, ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to

and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) ("In determining whether a complaint fails to state a claim, we may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint and matters of which we may take judicial notice.").  Holland, however, did not comply with Local Bankruptcy Rule 7056-1, which requires that all motions for summary judgment be accompanied by a statement of material facts as to which the moving part contends there is no genuine issue.  Accordingly, the court will exclude the affidavit from consideration, and treat the motion as a 12(b)(6) motion for failure to state a claim upon which relief can be granted.

I

The debtor's case is a case under chapter 7 of the Bankruptcy Code.  The instant dispute grew out of the parties' divorce, and concerns property known as 404 21st Street, N.E., Washington, D.C.  Holland has not exempted her interest in the property, and that interest remains property of the estate.  Jones' amended complaint alleges the following facts.

Incident to the divorce, Jones gave Holland, a real estate agent, a power of attorney authorizing her to sell the property that was jointly owned by the parties.  Instead of selling the property, Holland transferred the property to herself.  She then

proceeded to place a new mortgage or mortgages on the property, obtaining funds pursuant thereto, which stripped the property of equity.

Jones then filed a civil action against Holland in the Superior Court of the District of Columbia. The parties entered into a Settlement Agreement of January 7, 2008, which provided:

> 1. The parties hereby acknowledge that this agreement is entered into as a settlement of the claims made by Plaintiff in the lawsuit styled <u>John Jones v. Leslie Holland</u>, Case No.: 0004073-07 in the Superior Court of the District of Columbia. Without admitting any liability, all such liability being expressly denied, the parties agree to resolve this dispute.
>
> 2. The parties hereby agree that they shall undertake all actions necessary to cause the real property known as 404 21st Street, NE, Washington, DC 20002 ("Premises") to be sold for its full market value. Defendant will list the property with a real estate agent within two weeks of this Agreement and shall provide written proof of said listing. The parties shall divide the net sales proceeds from the sale of the Premises as follows: Plaintiff shall receive the initial $90,000 of the sales proceeds or an amount of money equal to the amount of any mortgages previously taken out by Defendant against the Premises to which Plaintiff is not a mortgagee ("Defendant's Prior Mortgages"), whichever is greater. Defendant shall provide copies of all documents evidencing the amount of Defendant's Prior Mortgages to confirm the validity of said amount. The remaining net sales proceeds shall be equally divided by the parties, provided however, that Plaintiff shall be entitled to receive an additional credit representing 1/2 of the rents Defendant has received in connection with the Premises ("Rent Income") and Defendant shall be entitled to a credit representing 1/2 of the reasonable and necessary expenses and costs associated with the upkeep and maintenance of the property. Within 20 days of the execution of this Agreement, Defendant shall disclose all documents that evidence her net rental income from the Property.

> 3. In the event that the net sales proceeds are insufficient to reimburse Plaintiff for the amount of Defendant's Prior Mortgages and Rent Income, Defendant shall be personally liable to Plaintiff for said amounts and shall pay such to Plaintiff in equal monthly installments over five (5) years with simple interest of eight percent (8%) per annum.
>
> 4. The parties hereby release, acquit and forever discharge each other and their respective agents, successors and assigns, from all and every manner of action, causes of action, suits, claims, demands, obligations, liabilities, and complaints related to the real property at issue, any mortgage or deed related thereto, or any claim or defense at issue in this lawsuit, asserted or that could have been asserted, known or unknown, from the beginning of time to the date of this Agreement except nothing herein shall be construed to release parties from any obligation imposed by this Agreement.
>
> . . .
>
> 7. Defendant acknowledges that, in accordance with and subject to the terms of this Agreement, Plaintiff is a co-owner of the Property.

According to the amended complaint, Holland refuses to perform under the Settlement Agreement, and refuses to sell the property. The property is currently occupied by tenants who pay monthly rent to Holland.

II

The amended complaint appears to seek three forms of relief: (1) enforcement of Jones' ownership rights arising under the Settlement Agreement; (2) a determination that Jones' claims against Holland are nondischargeable; and (3) denial of a discharge to Holland. The court has already dismissed with prejudice the request for a denial of a discharge.

4

A.  <u>Jones' Ownership Rights</u>

Count One of the amended complaint accuses Holland of having obtained the property by fraud, and can be read as seeking an order compelling Holland to convey one-half of the property to Jones.  (It is cast as a request to quiet title or for the imposition of a constructive trust.)  Holland acknowledges that the Settlement Agreement grants Jones a one-half interest in the property.  Having acknowledged Jones' interest in the property, Holland contends that no relief with respect to Jones' asserted interest in the property is necessary.

The fact that Holland acknowledges Jones' one-half interest in the property merely obviates the need to adjudicate the threshold question of whether there is some basis, equitable or otherwise, for finding that Jones has an interest in the property.  It does not address the question of whether, in light of that one-half interest, the court ought to compel Holland to execute a deed to Jones of a one-half interest in the property. Holland remains the record owner of the property in the land records, she has acknowledged that Jones has a one-half interest in the property, and it thus appears that, outside of bankruptcy, Jones might be entitled to an order compelling Holland to deliver

to him a deed transferring a one-half interest to him.[1]  The facts alleged, and in important respects conceded by Holland, reflect that Jones has at least a plausible entitlement to such relief.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Thus, the court will not grant Holland's motion to dismiss Count One based on Jones' failure to state a claim.

Because this is a Chapter 7 case, however, and because Holland held title to the property at the time of the filing of the case and has not exempted the property from the estate, the chapter 7 trustee is a necessary party to any proceeding to compel the conveyance of an interest in the property to Jones. *See* 11 U.S.C. § 323 (trustee is representative of the estate); 11 U.S.C. § 704 (trustee's duties include administration of property of the estate); 11 U.S.C. § 541 (property of the estate includes, with exceptions of no applicability here, "all legal or equitable interests of the debtor in property as of the commencement of the case"); *In re Riffin*, 2010 WL 3260131, at *4 (Bankr. D. Md. Aug. 18, 2010) ("As the only lawful party to act for property of the bankruptcy estate, it appears clear that the Trustee becomes a necessary party to actions affecting the property of the

---

[1]  If Holland thinks that Jones is not entitled to delivery of a deed conveying a one-half interest in the property, Holland should supply legal authority supporting her position, and the court's denial of Holland's motion to dismiss as to Count One is without prejudice to Holland's right to pursue this issue either in an amended motion to dismiss or in a motion for summary judgment.

estate."). Any order addressing whether Jones is entitled to delivery of a deed conveying a one-half interest in the property to him cannot be entered unless the chapter 7 trustee is joined as a party to the adversary proceeding. On that basis, the court will dismiss Count One of the complaint with leave to file an amended complaint to join the chapter 7 trustee as a party-defendant regarding this claim.

B. <u>Nondischargeability</u>

<u>Insufficiency of Count Two to Plead § 523(a)(2) Basis for Nondischargeability</u>. Under 11 U.S.C. § 523(a)(2)(A), debts for property procured by fraud (with an exception of no relevance here dealing with representations regarding a debtor's financial condition) are nondischargeable. To establish that he is owed a debt for property or services obtained by the debtor that is nondischargeable under § 523(a)(2)(A), Jones must establish five elements by a preponderance of the evidence:

> (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor proximately caused by its reliance on the debtor's statement or conduct.

*Turtle Rock Meadows Homeowners Ass'n v. Slyman (In re Slyman)*, 234 F.3d 1081, 1085 (9th Cir. 2000). Here, Count Two must be dismissed because it fails to plead any misrepresentation with particularity, and fails to tie any such misrepresentation to

7

knowledge of falsity, intent to deceive, reliance, and harm.

Count Two of the complaint alleges that Holland fraudulently transferred Jones' interest in the property to herself in order to strip equity from the property; fraudulently used the power of attorney to secretly strip equity from the property; and "knowingly made misrepresentations regarding the proposed sale [of] the Property, upon which Mr. Jones reasonably and detrimentally relied causing damages."  A complaint seeking to have a debt declared nondischargeable for fraud under 11 U.S.C. § 523(a)(2)(A) is subject to the heightened pleading requirements of Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b), and "a complaint that merely asserts the legal elements of § 523(a)(2)(A) without making the required factual allegations will not survive a motion to dismiss."  *In re Glunk*, 343 B.R. 754, 757  (Bankr. E.D. Pa. 2006) (citations omitted).  Although Jones uses the word fraudulent to describe most of the debtor's conduct, he fails to identify what were the representations that constituted fraud, and he has thus failed to plead with particularity the circumstances constituting fraud.  *See* Fed. R. Bankr. P. 7009 and Fed. R. Civ. P. 9(b); *McQueen v. Woodstream Corp.*, 28 F.R.D. 73, 78 (D.D.C. 2008) ("in alleging fraud the plaintiff must provide more than conclusory statements that the defendant's actions were fraudulent and deceptive.").  Finally, Jones fails to allege facts establishing harm proximately caused

by at least some of the alleged fraud.

Count Two further alleges that Holland fraudulently induced Jones to enter into the Settlement Agreement, and that Holland misrepresented her intent to perform under the Settlement Agreement, Jones having reasonably and detrimentally relied upon Holland's representations regarding the Settlement Agreement. The debt arising from a failure to perform a Settlement Agreement is, without more,[2] not a basis for finding nondischargeability, *see In re Kassab*, 2013 WL 696145, at *3 (Bankr. E.D. Mich. 2013)

---

[2] A claim that the debtor entered into the contract in bad faith with no intent ever to perform could, however, state a claim under § 523(a)(2). *See In re Kassab*, 2013 WL 696145, at *3 (Bankr. E.D. Mich. Feb. 23, 2013) (explaining that to succeed on a claim of nondischargeability under § 523(a)(2), it is not enough to show breach of contract, instead, the creditor must show that the debtor committed a misrepresentation or made the promise in bad faith with no intent to perform). Jones' complaint hints at such a claim by alleging that the "Debtor willfully and/or intentionally misrepresented her intent to perform under the settlement Agreement . . . ." Similarly, in a sub-heading to Count One, Jones states that the "Debtor fraudulently induced Mr. Jones to enter into a settlement agreement that was supposed to resolve her failure to sell the property and equity stripping." When pleading a claim based on fraudulent misrepresentation, Jones "must state the time, place and content of the misrepresentations, the facts misrepresented, and what [he] lost or retained as a consequence of the misrepresentation." *In re U.S. Office Prods. Co. Sec. Litig.*, 251 F. Supp.2d 77, 100 (D.D.C. 2003). Jones does not specify what the debtor is alleged to have said or done to induce Jones to enter into the settlement agreement. Instead, he refers generally to a misrepresentation, which he fails to describe in any fashion, and makes the conclusory statement that the debtor's conduct was fraudulent. As already noted earlier in this decision, conclusory statements characterizing conduct as fraudulent are insufficient to satisfy the heightened pleading requirements of Rule 9. *See McQueen v. Woodstream Corp.*, 28 F.R.D. 73, 78 (D.D.C. 2008).

("An ordinary breach of contract is not the sort of debt that § 523(a)(2) holds nondischargeable."). Jones has failed to identify with particularity the fraud that he claims induced the Settlement Agreement and he does not allege that Holland knew that her representations were false and that the fraud was committed with an intent to deceive. Moreover, § 523(a)(2) requires that property or services have been obtained by fraud. Jones fails to specify what property was obtained by fraud.

<u>Insufficiency of Count Two to Plead Nondischargeability Under § 523(a)(6)</u>. Section 523(a)(6) makes nondischargeable a debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." For willfulness to exist under § 523(a)(6), *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998), holds that the debtor must have intended the consequences of the act, not simply the act itself. What this means is that "§ 523(a)(6)'s willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Carrillo v. Su (In re Su)*, 290 F.3d 1140, 1142 (9th Cir. 2002). "A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse." *Petralia v. Jercich (In re Jercich)*, 238 F.3d 1202, 1209 (9th Cir. 2001) (internal citations omitted).

The amended complaint alleges that "Debtor fraudulently used the power-of-attorney to secretly strip equity from the Property and has been and continues to be unjustly enriched thereby." This can be read as alleging that Holland's retention of all of the proceeds of the property arising from loans obtained via new mortgages on the property constituted a wrongful retention to the extent of Jones' one-half interest in the property.  Read as such, Jones comes close to alleging a claim of nondischargeability of the debt owed him pursuant to 11 U.S.C. § 523(a)(6) as a debt for willful and malicious injury to his property (*i.e.*, to the one-half of the loan proceeds that are attributable to his one-half ownership of the property).

The difficulty is that Jones does not allege that Holland willfully inflicted that injury on him.  Indeed, in Count Three of his amended complaint, Jones accuses Holland of having been grossly negligent.  Gross negligence does not amount to willfulness such as to support a § 523(a)(6) claim of nondischargeability.  Nor has Jones alleged all of the elements of maliciousness, as required to state a claim for willful and malicious injury under § 523(a)(6).   *See In re Kahligh*, 333 B.R. 817, 831 (9th Cir. B.A.P. 2006) (malice within the meaning of § 523(a)(6) requires a creditor to show "(1) a wrongful act; (2) done intentionally; (3) which necessarily causes injury; and (4) without just cause and excuse.").

<u>Insufficiency of Count Three to Plead Nondischargeability</u>.

Count Three, as already noted, deals with gross negligence, but gross negligence furnishes no basis for declaring a debt nondischargeable.  *See Kawaauhau v. Geiger*, 523 U.S. 57 (1998) (resolving circuit split and holding that recklessly inflicted injuries do not fall within § 523(a)(6)'s exception to discharge); *In re Iberg,* 395 B.R. 83, 91 (Bankr. E.D. Ark. 2008) (gross negligence not sufficient basis for finding debt nondischargeable).

<u>Insufficiency of Count Four to Establish Nondischargeability Under § 523(a)(4)</u>.  Count Four accuses Holland of breaching her fiduciary duty to Jones, claiming that the debtor "failed to keep her promises under the Settlement Agreement and breached her legal duty to exercise reasonable care in contracting, her breach is gross, considering her personal financial benefit owing to the breach, and lack of any reasonable justification for failing to perform."  The only allegation in the complaint that comes close to suggesting a fiduciary relationship between the parties is Jones' granting of a power-of-attorney to Holland.  *See In re Fisher*, 2013 WL 241024, at *3 (Bankr. D. Ariz. Jan. 22, 2013) (discussing cases that address whether a power of attorney creates a fiduciary duty for purposes of § 523(a)(4)).  Count Four, however, is based on the debtor's conduct as it relates to performance of the Settlement Agreement, which was entered into

long after the debtor is alleged to have taken any action under the power of attorney. Jones fails to identify any fiduciary capacity in which Holland was acting after the parties entered into the Settlement Agreement. Instead, Count Four appears rooted in the complaint that the debtor failed to perform under the Settlement Agreement, but absent some special relationship between the contracting parties, a claim for breach of contract is insufficient to support a claim for breach of fiduciary duty. The amended complaint thus fails to state a claim of nondischargeability under § 523(a)(4) and Count Four will be dismissed accordingly.

<u>Insufficiency of Amended Complaint to Plead Nondischargeability Under § 523(a)(15)</u>. The amended complaint alleges that the power of attorney was granted incident to the parties' divorce. It further alleges that the Settlement Agreement was "related to the divorce proceeding" and its violation violated § 523(a)(15). These allegations are scattered in different parts of the complaint, and no separate count is set forth for asserting a nondischargeable debt under § 523(a)(15). The allegations fail to specify a debt to Jones that was incurred by Holland in the course of the divorce: it only alleges things that were done in the divorce, and that the Settlement Agreement violated § 523(a)(15). If Jones wishes to pursue a claim of nondischargeability under § 523(a)(15) as to any debt, he must

13

identify the debt owed to him by Holland and plead how the debt arose out of the divorce within the meaning of § 523(a)(15). For clarity of presentation, any such claim should be set forth in a separate count.

### III

It is thus

ORDERED that Jones' amended complaint is dismissed with leave within 14 days after entry of this order to file a second amended complaint, except that the claim asserted pursuant to 11 U.S.C. § 727(a)(4)(A) and (B) remains dismissed with prejudice.

[Signed and dated above.]

Copies to: All counsel of record.