The document below is hereby signed.

Signed: September 20, 2013



_S. Martin Teel, Jr._
_S. Martin Teel, Jr._
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LESLIE A. HOLLAND, | ) | Case No. 12-00496 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10040 |
| LESLIE A. HOLLAND, | ) | |
| | ) | Not for publication in |
| Defendant. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER

The defendant, Holland, has filed a motion to dismiss the plaintiff's second amended complaint as time-barred, arguing that under Fed. R. Bankr. P. 4007(c), the court has no authority to enlarge the time to file the amended complaint.  The motion will be denied.  She also seeks to have the court vacate an order permitting the second amended complaint to be filed a day late. That motion too will be denied.

I

The original complaint was timely filed under Fed. R. Bankr. P. 4007(c) with respect to its request for a determination of nondischargeability, and an amended complaint was filed within the time permitted by Fed. R. Civ. P. 15(a)(1)(A). The court dismissed the amended complaint, principally based on failure to plead facts establishing nondischargeability of the debts at issue under the various provisions of 11 U.S.C. § 523(a) invoked by the complaint. The court granted the plaintiff, Jones, leave to file a second amended complaint by June 4, 2013. Without having sought an extension of time to file the second amended complaint, Jones filed the second amended complaint on June 5, 2013, at 1:10 a.m.; in other words, he filed the second amended complaint one hour and ten minutes late.

Holland points to Fed. R. Bankr. P. 4007(c), which provides, in relevant part, that the time to file a complaint for a determination of nondischargeability may be extended, but only if the motion for an extension is "filed before the time has expired."[1] Holland argues that Rule 4007(c) required that any motion to enlarge the time to file the second amended complaint (with respect to its claims to determine dischargeability) have

---

[1] Holland's motion also refers to Fed. R. Bankr. P. 4004(b), but that Rule governs the time to object to discharge, rather than the time to file a complaint to determine the dischargeability of a debt, which is the time period at issue here.

2

been filed before the deadline the court had set for filing the second amended complaint.[2]  Because Jones failed to file such a motion prior to the court's deadline, Holland argues that Jones' claims for determination of dischargeability are barred and should be dismissed.

II

Rule 4007(c) addresses the deadline for filing the complaint commencing an adversary proceeding seeking a determination of nondischargeability.  The deadline is 60 days after the first date set for the meeting of creditors under 11 U.S.C. § 341(a), which in this case was October 22, 2012.  Fed. R. Bankr. P. 4007(c).  Jones filed his initial complaint on October 22, 2012, and it was therefore timely.  Holland's argument that Jones' nondischargeability claims are barred by the Rule 4007(c) limitation fails because, as discussed below, the second amended complaint relates back to the initial complaint, making the claims timely.

Under Rule 15(c)(1)(B), made applicable to this proceeding by Fed. R. Bankr. P. 7015, an amended pleading relates back to the original pleading if "the amendment asserts a claim or

---

[2] Part of the complaint sought to compel Holland to convey certain property of Jones.  As that claim was not one to determine nondischargeability of a debt, Rule 4007(c) would not apply to that claim.  Accordingly, even if Rule 4007(c) barred the other claims in the second amended complaint, it would not bar that claim.

3

defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  "The underlying question is whether the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint."  *Meijer, Inc. v. Biovail Corp.*, 533 F.3d 857, 866 (D.C. Cir. 2008).

All of the nondischargeability claims in the second amended complaint arise out of the same conduct, transaction, or occurrence set forth in Jones' first complaint.  In Count Two of the second amended complaint, Jones alleges that the debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A) as a debt obtained by false pretenses, false representations, or actual fraud.[3]  The original complaint also alleged a claim of fraud, and the gravamen of that fraud claim was that Holland fraudulently used a Power of Attorney to strip equity from certain jointly owned real property (the "Property") and that she misrepresented that she would sell the Property.  Count Two in the second amended complaint makes the same claim and simply alleges additional misrepresentations concerning the same agreement to sell the Property.  In particular, in the second amended complaint Jones claims these additional false

---

[3] Count One of the second amended complaint, which does not allege claims of nondischargeability, is not subject to the limitation in Rule 4007(c).

representations by Holland: that Holland was a licensed real estate agent, that she would refinance the Property to pay him, and that having the Property in her name would expedite its sale. While these allegations were not in the original complaint, they arise out of the same transaction; namely, Jones' and Holland's alleged agreement that Holland would sell the Property and divide the proceeds.  Because the first complaint gave Holland adequate notice of this nondischargeability claim, this amended claim relates back to the filing of the initial complaint.

Counts Three and Four of the second amended complaint, alleging nondischargeability under 11 U.S.C. § 523(a)(6) and § 523(a)(4), respectively, do not raise any new claims.  These claims have different headings than they did in the first complaint, but they recite the same claims as the original complaint while also adding citations to the relevant statutory provisions.  The facts alleged in the original complaint give rise to these nondischargeability claims, making relation back appropriate. *See Re/Max Props., Inc. v. Barnes (In re Barnes)*, 96 B.R. 833, 837 (Bankr. N.D. Ill. 1989).  In addition, identifying the statutory provisions to which the claims relate does not make them new claims. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir. 2007) (amended complaint related back to original complaint where it simply added specific facts and was more specific in identifying provisions of the relevant

statute).

Count Five of the second amended complaint asserts a claim under 11 U.S.C. § 523(a)(15), alleging that the debt for half of the proceeds of the intended sale of the Property is nondischargeable as a debt to a spouse incurred in connection with a separation agreement.  This specific statutory provision was not mentioned in the original complaint, but the original complaint did claim that Jones was entitled to half of the proceeds from the intended sale pursuant to the parties' divorce.  Therefore, Count Five relates back to the original complaint as well, because the original complaint gave adequate notice to Holland that her alleged failure to sell the Property and give half of the proceeds to Jones incident to their divorce was a basis for liability.

In addition to amending the claims, the second amended complaint also contains more detailed facts than the original complaint.  However, that does not prevent relation back in this case.  *See Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) ("Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs.").  The original complaint broadly outlined the facts surrounding the agreement to sell the Property, the Power of Attorney, and the settlement agreement, and this broad outline clearly encompassed the more detailed claims in the second

6

amended complaint.  "[A]mendments that restate the original claim with greater particularity or amplify the factual circumstances surrounding the pertinent conduct, transaction or occurrence in the preceding pleading fall within Rule 15(c)."  *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004).  The second amended complaint "merely expounds upon and further details the factual scenario and [ ] claims that were roughly sketched in" the first complaint.  *Id*.

Relation back is appropriate here because the second amended complaint deals with the same events as the initial complaint. The wrongs alleged in the second amended complaint are not separate or distinct from those in the initial complaint, and they arise out of the same underlying conduct, transaction, or occurrence set forth in the first complaint.  Accordingly, Holland's motion to dismiss as time-barred the plaintiff's claims to determine dischargeability will be denied.

                                    III

Holland has also moved to vacate this court's order granting Jones an enlargement of time to file his second amended complaint.  Rule 9006(b)(1) states, in relevant part, that a court in its discretion may "on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect."  At the hearing of July 30, 2013, Jones' attorney explained to the court

why he filed the second amended complaint a little over one hour late.  His explanation amounted to an implicit motion on Jones' behalf for the enlargement of the time by one day.  Holland's attorney stated her arguments against the oral motion at the hearing, and the court found that despite Holland's arguments, excusable neglect had been demonstrated.  Her motion to vacate the order granting the enlargement of time still does not demonstrate an absence of excusable neglect as that standard has been interpreted in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993).  Accordingly, the motion to vacate will be denied.

                                IV

    Based on the foregoing, it is

    ORDERED that the motion (Dkt. No. 41) to dismiss the second amended complaint is DENIED.  It is further

    ORDERED that the motion (Dkt. No. 40) to vacate the court's August 6, 2013, order extending the deadline to file an amended complaint is DENIED.

                                         [Signed and dated above.]

Copies to: All counsel of record.