The document below is hereby signed.

Signed: December 5, 2013



_S. Martin Teel, Jr._
_signature_

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LESLIE A. HOLLAND, | ) | Case No. 12-00496 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10040 |
| LESLIE A. HOLLAND, *et al.*, | ) | |
| | ) | Not for publication in |
| Defendants. | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>

The debtor Holland has filed a motion for summary judgment, seeking dismissal of the plaintiff's second amended complaint.[1] That motion will be denied for the following reasons.

---

[1] Holland is one of two defendants in this adversary proceeding. The other defendant is the chapter 7 trustee who was joined as a defendant because the complaint seeks a determination of the extent to which the debtor had an ownership interest in the real property at issue. The bankruptcy estate includes that ownership interest, and the trustee administers the estate and has a stake in the outcome.

1.  The motion's Statement of Material Facts does not set forth all of the facts upon which the debtor relies in moving for summary judgment.  Standing alone, the Statement of Material Facts fails to state a sufficient factual basis upon which the court could grant summary judgment.[2]  The Statement of Material Facts sets forth basic facts that are not contested, and therefore the plaintiff was not led to file

> a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.

LBR 7056-1.  It has not helped that both parties have frequently neglected to include references to the parts of the record relied upon in addressing the facts pertinent to the motion for summary judgment.

2.  I reject the debtor's argument that compliance with "the District of Columbia lis pendens statute, codified as D.C. Code § 42-1207(a)" was required for the plaintiff to pursue his claims for quiet title, and a constructive trust.

---

[2] Later in the memorandum in support of the motion for summary judgment, the debtor sets forth admissions that the plaintiff has made, but does not include those admissions as part of the Statement of Material Facts, thus frustrating the purpose of a Statement of Material Facts, and making it cumbersome and difficult to analyze the motion if those additional facts *are* taken into consideration.  In any event, it is unfair to expect the plaintiff to address facts scattered throughout the memorandum in support of the motion instead of contained all within the Statement of Material Facts in support of the motion.

3. The plaintiff's admission that he "never contemplated or intended that [his] name be added to the deed of the property" (presumably referring to the deed to transfer ownership to both parties) proves nothing because the parties later entered into a settlement agreement under which they agreed that the plaintiff would be a co-owner of the property.

4. The plaintiff's admission that "You singed [sic] the power of attorney with the understanding that the Defendant would retain the Property" is so ambiguous that it does not suffice to address the issue of whether the plaintiff retained an ownership interest pursuant to the settlement agreement and the deed of joint ownership that preceded the settlement agreement.

5. The Superior Court judgment of October 23, 2008, was not a decision on the merits, and instead ruled that plaintiff had to pursue his claims in a separate proceeding. Accordingly, the judgment has no res judicata impact.

6. There is a material issue of fact as to whether the debtor obtained the power of attorney by fraud, which the debtor then used to suck equity out of the property by obtaining a mortgage on the property whose proceeds she kept, which would be an instance of property obtained by fraud within the meaning of § 523(a)(2). The plaintiff's affidavit states that after the parties had agreed that the debtor, a real estate agent, "agreed to sell the Property on behalf of both of us, so that we could

split the proceeds" and later "told me that she needed me to sign a Power of Attorney so that I would not need to be present and need to sign the documents in order to sell the property."  Pl. Aff. ¶¶ 2, 4 (Ex. to Dkt. No. 20).

    7.  Because the debtor was allegedly acting as a real estate agent pursuant to the power of attorney, there may have been a fiduciary relationship for purposes of the claim of nondischargeability under § 523(a)(4).  The parties have not adequately briefed that issue.  The first amended complaint, in contrast, alleged that there was a breach of fiduciary duty in failing to comply with the parties' settlement agreement.  Accordingly, the debtor is in error in contending that the allegations of the second amended complaint added nothing that was not already contained in the first amended complaint (a complaint that this court found failed to state a claim upon which relief could be granted).

    8.  In relevant part, § 523(a)(15) excepts from discharge any debt "to a spouse, [or] former spouse . . . that is incurred by the debtor in the course of a divorce . . . ."  The debtor might be entitled to have the plaintiff's § 523(a)(15) claim dismissed, but her motion was premised on a ground that is an inadequate basis for dismissing the claim:

        a.  The parties' agreement for the debtor to sell the property and for the proceeds to be split was entered into

by the debtor in the course of the divorce. That created a contingent liability to pay over half of the proceeds to the plaintiff out of the sale. However, the property has never been sold, and thus there is no debt owed at this juncture arising from the obligation to split proceeds of the sale. Moreover, the chapter 7 trustee will be proceeding to attempt to sell the property.

    b. What the plaintiff really is complaining about is the failure of the debtor to take steps to sell the property in a prompt fashion (leading to a loss of value in a declining real estate market) and her having taken equity out of the property. Those claims are for a debt for breach of the agreement that the property would be sold and the proceeds split. The defendant might argue that those are not debts that were incurred by the debtor in the course of the divorce, but instead are debts for breach of the parties' contract. The defendant's motion did not raise that argument, however. Moreover, this is a difficult issue that the parties have not adequately briefed: can the plaintiff argue that, given the protection of spouses that § 523(a)(15) is intended to insure, the parties' agreement incident to the divorce gave rise to a contingent debt for liability for breach of the agreement?

    c. The defendant argued in her motion that the

5

plaintiff had abandoned the § 523(a)(15) claim of nondischargeability in his pretrial statement. The pretrial statement alleged sufficient facts to preserve the claim.

9. In accordance with the foregoing, it is

ORDERED that the defendant's motion for summary judgment is DENIED.

[Signed and dated above.]

Copies to: All counsel of record.