The document below is hereby signed.

Signed: September 12, 2014



S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| LESLIE A. HOLLAND, | ) | Case No. 12-00496 |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JOHN JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. |
| | ) | 12-10040 |
| LESLIE A. HOLLAND, *et al.*, | ) | |
| | ) | **Not for Publication in** |
| Defendants. | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION RE DEFENDANT'S
AMENDED MOTION FOR SUMMARY JUDGMENT

The debtor-defendant, Leslie A. Holland, has filed an
amended motion for summary judgment (Dkt. No. 91) as to the
second amended complaint filed by the plaintiff, John Jones.  In
that motion, Holland asks for summary judgment as to:

- the entirety of the second amended complaint, on the
  grounds of *res judicata* and collateral estoppel;

- Jones's § 523(a)(4) nondischargeability claim, on the
  grounds that Jones cannot show that a fiduciary

relationship existed; and

- Jones's § 523(a)(15) nondischargeability claim on the grounds that Jones is no longer pursuing that claim and that there is no evidence supporting Jones's claim.

For reasons explained in more detail below, the court will grant partial summary judgment in favor of Holland as to some of Jones's claims on the grounds of *res judicata*, but will otherwise deny the motion.

I

Jones's Claims

The parties owned, as joint tenants, real property located at 404 21st Street NE, Washington, D.C. (the "Property"). Jones's second amended complaint alleges the following.

It alleges that in 2006, Holland committed a fraud upon Jones in that Holland represented to Jones that she would sell the Property, when in fact she had no intention of doing so. Furthermore, in describing the alleged fraud, Jones contends that Holland had Jones sign a power of attorney under the pretense that it would be used to facilitate a sale of the Property, but which Holland had instead obtained for the purpose of transferring the Property solely to herself.  Jones also alleges that additional language was added to the power of attorney after he signed it, thereby allowing Holland to transfer the Property solely to herself absent a sale, and that after transferring the

property to herself, Holland proceeded to suck equity out of the
Property by taking out one or more mortgages against the
Property.

Thereafter, the parties entered into a 2008 *Settlement
Agreement and Mutual Release* (the "*Settlement Agreement*"),
settling a lawsuit filed by Jones in the Superior Court of the
District of Columbia in 2007 regarding Jones's claims arising
from Holland's alleged misconduct in 2006.  That *Settlement
Agreement* provided in relevant part:

> 2.  The parties hereby agree that they shall
> undertake all actions necessary to cause the real
> property known as 404 21st Street, NE, Washington, DC
> 20002 ("Premises") to be sold for its full market value.
> Defendant will list the property with a real estate agent
> within two weeks of this Agreement and shall provide
> written proof of said listing.  The parties shall divide
> the net sales proceeds from the sale of the Premises as
> follows: Plaintiff shall receive the initial $90,000 of
> the sales proceeds or an amount of money equal to the
> amount of any mortgages previously taken out by Defendant
> against the Premises to which Plaintiff is not a
> mortgagee ("Defendant's Prior Mortgages"), whichever is
> greater.  Defendant shall provide copies of all documents
> evidencing the amount of Defendant's Prior Mortgages to
> confirm the validity of said amount.  The remaining net
> sales proceeds shall be equally divided by the parties,
> provided however, that Plaintiff shall be entitled to
> receive an additional credit representing ½ of the rents
> Defendant has received in connection with the Premises
> ("Rent Income") and Defendant shall be entitled to a
> credit representing ½ of the reasonable and necessary
> expenses and costs associated with the upkeep and
> maintenance of the property.  Within 20 days of the
> execution of this Agreement, Defendant shall disclose all
> documents that evidence her net rental income from the
> Property.

> 3.  In the event that the net sales proceeds are
> insufficient to reimburse Plaintiff for the amount of

3

> Defendant's Prior Mortgages and Rent Income, Defendant
> shall be personally liable to Plaintiff for said amounts
> and shall pay such to Plaintiff in equal monthly
> installments over five (5) years with simple interest of
> eight percent (8%) per annum.
> . . . .
>
> 7. Defendant acknowledges that, in accordance with
> and subject to the terms of this Agreement, Plaintiff is
> a co-owner of the Property.

The second amended complaint alleges not only that Holland failed

to perform under the *Settlement Agreement*, but that Holland

entered into the *Settlement Agreement* without *ever* having

intended to perform.  As such, Jones contends that Holland

procured the *Settlement Agreement* through fraudulent

representations regarding her intent to perform.  Jones claims

that he suffered damages as a result of Jones's fraudulent

procurement of the *Settlement Agreement* because (a) it caused

Jones to release his claims against Holland in exchange for his

rights under the *Settlement Agreement*, and (b) it led to a delay

in the selling of the Property after execution of the *Settlement

Agreement*.

The second amended complaint alleges that Jones has a one-

half interest in the Property, and requests in Count One an order

compelling Holland to execute a deed to him reflecting that one-

half interest.  Holland has already conceded in this adversary

proceeding that Jones has a one-half interest in the Property.

The request for an order directing Holland to execute and deliver

to Jones a deed reflecting that 50% interest will be academic if

the trustee sells the Property, but not otherwise.[1]

Additionally, Jones seeks compensatory damages, costs, and attorney's fees for the debts owed Jones under the *Settlement Agreement* itself[2] and for the harm to Jones arising from delay in selling the Property after execution of the *Settlement Agreement* and from his having released claims in the settled lawsuit in exchange for the *Settlement Agreement*.

By his complaint, Jones also seeks a declaration that those debts are nondischargeable:

- under 11 U.S.C. § 523(a)(2) as debts for property obtained by fraud (Count Two);[3]

- under 11 U.S.C. § 523(a)(6) as debts for willful and malicious injury inflicted by Holland upon Jones (Count

---

[1]  The trustee (who has been added as a defendant) asserts that under 11 U.S.C. § 544 he enjoys the status of a bona fide purchaser of the Property as of the petition date, and that Jones is thus barred from asserting his claims against the trustee. This decision does not address that assertion and assumes, without deciding, that if the Property is sold Jones will be entitled to 50 percent of the net proceeds.

[2]  Those debts are Holland's obligation to pay for the amounts of Defendant's Prior Mortgages and Rent Income if the sales proceeds are inadequate to pay those amounts.

[3]  As observed in this court's decision disposing of Holland's prior motion for summary judgment, there is a disputed issue of material fact with respect to Jones's fraud claims. Jones's affidavit demonstrates that there is a material issue of fact as to whether Holland obtained the power of attorney by fraud, and whether Holland then used it to suck equity out of the Property by obtaining a mortgage on the Property whose proceeds she kept, which would be an instance of property obtained by fraud within the meaning of § 523(a)(2).

5

Three);

- under 11 U.S.C. § 523(a)(4) as arising from a breach by Holland of a fiduciary duty owed to Jones (Count Four); and

- under 11 U.S.C. § 523(a)(15) as having been incurred incident to a divorce proceeding (Count Five).

II

Material Facts Not in Genuine Dispute

Holland's motion establishes that the following facts are not in genuine dispute.[4] In June 1992, Jones and Holland wed. On or about March 6, 2006, after a period of separation, the parties were divorced. At the time of their divorce, the parties owned the Property as joint tenants. On or about January 7,

---

[4] Holland's statement of material facts not in dispute is, once again, woefully deficient. Other than a description of what Jones alleges and a vague reference to "a civil action then pending" in the D.C. Superior Court, it does not include any facts relating to the events leading up to the execution of the *Settlement Agreement*. Yet in making her legal arguments, Holland draws on such facts for support. For example, on page 8 of her motion, Holland makes the legal argument that the "Power of Attorney at issue" permitted the transfer of the Property, and that Holland is therefore entitled to judgment as a matter of law with respect to Count One of the second amended complaint. The statement of material facts does not acknowledge any transfer of Property, does not acknowledge the existence of a power of attorney, and simply does not provide any context whatsoever for the argument being advanced by Holland.

Many of the disputed issues of material fact in this proceeding relate to the events leading up to the execution of the *Settlement Agreement*. As will be discussed in this decision, *res judicata* does not bar Jones from pursuing his nondischargeability claims, and the facts relevant to those claims remain in genuine dispute.

2008, in conjunction with a civil action then pending in the
Superior Court of the District of Columbia, the parties entered
into the *Settlement Agreement*, which provided for the sale of the
Property, and for the payment of a portion of the sale proceeds
to Jones.  Although Holland contends that she listed the Property
on at least two occasions, no contract was ever accepted and the
Property was never sold.

On December 19, 2011, Jones filed in the D.C. Superior Court
a *Complaint to Enforce Settlement Agreement, Partition Real
Property and for Equitable Relief* (the "2011 Complaint"), Case
Number 2011 CA 9947.[5]  The 2011 Complaint, relying upon the
*Settlement Agreement*, alleged in relevant part:

> 2. Paragraph 7 of the agreement specifically
> provides that Plaintiff is deemed a co-owner of the
> property.  However, defendant has failed and refused to
> execute a deed evidencing Plaintiff's ownership.  As a
> co-owner of the Property Plaintiff desires to partition
> the Property and/ or to effectuate its sell [sic].

> 3.  Additionally, Defendant has breached the terms
> of that agreement, by among other things, failing or
> refusing to make a good faith effort to sell the
> property as contemplated by the Agreement.

> 4.  Upon information and belief, defendant is
> receiving rent from certain unknown tenants and
> improperly retaining the proceeds.

> 5. In consideration of the foregoing, Plaintiff
> requests the following relief:

_____

[5]  It appears that Jones filed an earlier complaint similar
in nature, but due to a defect in service, that complaint was
dismissed without prejudice.

a.  That the Defendant be compelled to
execute a deed conveying Plaintiff his 50%
interest in the Property;

b.  That the Plaintiff be awarded such
monetary damages as may be consistent with the
evidence;

c.  That the Property be partitioned;

d.  Issue a restraining order requiring the
unknown tenants to pay rent into the court
registry pending resolution of this case.

e.  That Plaintiff be awarded such other
relief as deemed appropriate by the Court.

The Superior Court entered a default in that civil action, but

Holland successfully vacated that default and filed a motion to

dismiss the 2011 Complaint.  That motion sought dismissal of the

complaint for failure to state a claim upon which relief could be

granted, contending, among other things, that the *Settlement*

*Agreement* contemplated a sale of the Property, not a conveyance

to Jones; that the allegations of a failure to make a good faith

effort to sell the Property were conclusory allegations not

supported by sufficient allegations of fact to state a claim upon

which relief could be granted; that the *Settlement Agreement*

failed to specify the percentage of Jones's acknowledged co-

ownership interest; that the request for partition was

unwarranted because the Property was fully encumbered; and that

the complaint failed to take into account the credits to which

Holland was entitled for maintaining the Property as a setoff

against the share of rents owed Jones from the Property.  On

8

April 6, 2012, the Superior Court conducted a scheduling
conference.  Although the motion to dismiss was ripe to act on,
the Superior Court provided Jones with an additional ten days to
respond to the pending motion.  Jones failed to file a response
by the extended deadline.  On May 8, 2012, the Superior Court
entered an order that treated the motion to dismiss (which sought
dismissal, *inter alia*, under Rule 12(b)(6)) as conceded, and
granted Holland's motion to dismiss based on failure to state a
claim for relief under Rule 12(b)(6).[6]

Holland filed the petition commencing her Chapter 7
bankruptcy case on July 11, 2012.  At the time of the filing of
the bankruptcy petition, the civil action involving the 2011
Complaint was still pending in the D.C. Superior Court, with a
motion to alter the dismissal order still pending.  Holland
listed Jones on her schedules in her bankruptcy case as a
creditor with a disputed, contingent and unliquidated debt.  On
May 8, 2013, Holland obtained her discharge under the Bankruptcy
Code.

---

[6]  Holland fails to mention that on May 19, 2012, Jones
filed a motion to alter the orders dismissing the 2011 Complaint
and vacating the default judgment.  Although the court concludes
that Jones's motion did not render the Superior Court judgment
non-final for purposes of *res judicata*, it would have been
helpful if Holland had provided an accurate description of what
transpired in the Superior Court action, rather than leading the
court to believe that the dismissal order was the last action
taken by the Superior Court.

9

III

A party is entitled to summary judgment when there is no "genuine issue of material fact" and the undisputed facts warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). When deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the party against whom summary judgment is sought and must draw all reasonable inferences in his favor.  *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  The moving party has the initial burden of demonstrating the absence of a disputed issue of material fact.  *Celotex v. Catrett,* 477 U.S. 317, 323 (1986).  Once such a showing has been made, the non-moving party must either (1) cite to particular materials in the record showing that a fact is genuinely disputed, or (2) "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  The party opposing summary judgment "may not rely on conclusory allegations or unsubstantiated speculation." *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998).  Moreover, not every disputed factual issue is material in light of the substantive law that governs the case.  "Only disputes over facts that might affect the outcome of the suit under the governing law

10

will properly preclude summary judgment." *Anderson*, 477 U.S. at 248.

A.

The *Settlement Agreement* Does Not Bar Jones's<br>
Nondischargeability Claims Under 11 U.S.C.<br>
§§ 532(a)(2)(A), 523(a)(6), 523(a)(4), and 523(a)(15)

The *Settlement Agreement* was entered into to resolve a lawsuit filed by Jones in the Superior Court of the District of Columbia in 2007.  In that action, Jones filed a complaint against Holland for breach of fiduciary duty and to quiet title. Although the complaint itself is not in evidence, the content of the *Settlement Agreement* reveals that at issue was, at the very least, Holland's transfer of Jones's interest in the Property to herself, the alleged stripping of equity by Holland, and a desire on Jones's part to have the Property sold, with Jones to receive a share of any rental income generated by the Property.  It makes no difference whether Jones alleged in the complaint that Holland's conduct was fraudulent, and it is equally unimportant that the *Settlement Agreement* is silent on the issue of fraud. In *this* proceeding, Jones remains free to demonstrate that the debt memorialized in the *Settlement Agreement* arose from fraud,

and thus is nondischargeable under § 523(a)(2)(A).[7]  The same

principle applies to Jones's claim that Holland's pre-settlement

conduct constituted willful and malicious injury, with the debt

based on such conduct and embodied in the *Settlement Agreement*

being nondischargeable under § 523(a)(6).  It also applies to the

claim that the debts embodied in the *Settlement Agreement* arose

from a breach of a fiduciary duty and are nondischargeable under

§ 523(a)(4), and the claim that the debts arose in connection

with a divorce and are nondischargeable under § 523(a)(15).

B.

*Res Judicata* Based Upon the
Judgment Dismissing the 2011 Complaint

Jones's 2011 Complaint sought to enforce the *Settlement*

*Agreement*, partition the Property, and requested equitable

relief.  The 2011 Complaint was limited in scope and sought: (1)

to compel Holland to execute a deed conveying to Jones his 50%

interest in the Property; (2) an award of "such monetary damages

---

[7]   *See Brown v. Felsen*, 442 U.S. 127, 138-39 (1979) (holding
that "the bankruptcy court is not confined to a review of the
judgment and record in the prior state-court proceedings when
considering the dischargeability of respondent's debt."); *Archer
v. Warner*, 538 U.S. 314, 321-23 (2003) (holding that the
reasoning of *Brown* applies equally to cases where the parties
resolve their dispute by way of a settlement agreement rather
than awaiting a judgment from the state court); *Sukola v. Nader*,
2012 WL 1614856, at *3 (Bankr. D.N.J. May 9, 2012) ("[T]he
doctrine of claim preclusion does not prevent a bankruptcy court
from looking outside the record of a state court proceeding and
subsequent documents involved in a settlement agreement to
determine whether a debt was obtained by fraud.") (citing *Brown
v. Felsen* and *Archer v. Warner*).

as may be consistent with the evidence . . . ." regarding
Holland's failure to comply with the *Settlement Agreement* and her
improperly retaining rents from tenants; (3) to have the Property
partitioned; and (4) to obtain a restraining order requiring the
tenants to pay rent into the registry during the pendency of the
case.  After Jones failed to respond to a motion to dismiss, the
court, on May 8, 2012, granted Holland's motion to dismiss for
failure to state a claim, entering judgment in favor of Holland.
On May 19, 2012, Jones filed a motion to amend, which the
Superior Court denied without prejudice, with leave to re-file
after Holland's bankruptcy petition is "resolved."[8]  Holland
contends that the Superior Court's judgment in her favor is an
absolute bar to Jones's claims here based upon *res judicata.*

"The four elements of *res judicata* traditionally applied in
the District of Columbia are: (1) an identity of parties; (2) a
judgment from a court of competent jurisdiction; (3) a final
judgment on the merits; and (4) an identity of the cause of
action." *In re Akl*, 2010 WL 1688429, at *2 (Bankr. D.D.C. April
22, 2010) (citing *Kelly v. Novastar*, 637 F. Supp. 2d 34, 38

---

[8]   Superior Court Rule 59(b) specifies that Rule 59 motions
must be filed "no later than 10 days after entry of the
judgment."  Under Superior Court Rule 6, when a prescribed period
of time is less than 11 days, intermediate Saturdays, Sundays,
and legal holidays are excluded from the computation.
Accordingly, the plaintiff's motion to alter or amend was a
timely motion under Rule 59, which also tolled the time for
taking an appeal.

(D.D.C. 2009), and *Capitol Hill Group v. Pillsbury Winthrop Shaw
Pittman, LLP*, 574 F. Supp. 2d 143, 149 (D.D.C. 2008)).  "The
doctrine of *res judicata* does not only bar claims that were
brought in a finally adjudicated suit; it also 'forecloses all
that which might have been litigated previously.'" *U.S. ex rel.
Folliard v. Synnex Corp.*, 798 F. Supp. 2d 66, 77-78 (D.D.C. 2011)
(quoting *Nat'l Pension Fund v. Indus. Gear Mfg.*, 723 F.2d 944,
949 (D.C. Cir. 1983)).  "*Res judicata* bars relitigation not only
of claims that were previously raised, but also of claims that
arose 'out of the same transaction which could have been raised.'
*Calomiris v. Calomiris*, 3 A.3d 1186, 1190 (D.C. 2010) (quoting
*Patton v. Klein*, 746 A.2d 866, 870 (D.C. 1999))."  *Hensley v.
District of Columbia Dept. of Emp't Servs.*, 49 A.3d 1195, 1207
(D.C. 2012).

### (1) Identity of the Parties

The parties to the 2011 Complaint action are, for purposes
of this analysis, the same.  The trustee has been added as a
defendant in this proceeding, but only in his capacity as a
representative of the estate, which has an interest in the
Property and thus a stake in the outcome.  The 2011 Complaint's
claims were brought by Jones against Holland, as they are here,
and for purposes of deciding whether *res judicata* applies to
these claims, the parties are the same.

### (2) Identity of the Cause of Action

14

The 2011 Complaint, in substance, was a complaint seeking
monetary and equitable relief for Holland's alleged breach of the
*Settlement Agreement.*   The 2011 Complaint is brief and alleges
that Holland has, in breach of the *Settlement Agreement*, refused
to execute a deed evidencing Jones's ownership interest in the
Property and has likewise failed to make a good faith effort to
sell the Property as contemplated by the *Settlement Agreement.*
In the 2011 Complaint's prayer for relief, Jones sought an order
compelling Holland to execute a deed conveying to Jones a 50%
interest in the Property, and an award of "such monetary damages
as may be consistent with the evidence;" an order that the
Property be partitioned; and a restraining order requiring that
any rent being paid by tenants be paid into the court registry.
In the instant action, there is an identity as to some but not
all of the claims.

Count One's Request to Compel Execution of a Deed to Jones.
Count One of the second amended complaint is titled as a claim to
quiet title and/or for a constructive trust, and requests "an
order compelling [Holland] to convey Mr. Jones' interest in the
Property to him . . . ."  This count overlaps, largely, with the
claims Jones asserted in the 2011 Complaint, which sought, in
light of Holland's breach, the equitable relief of requiring
Holland to execute a deed conveying to Jones a 50% interest in
the Property, the very same remedy as is sought in Count One of

15

the second amended complaint.  In addition to relying upon the
breach of the *Settlement Agreement* as a basis for seeking an
order imposing that remedy, Jones could have, in that proceeding,
sought to impose a constructive trust on the Property based upon
his allegations of wrongdoing in Count One.  Under such decisions
as *Hensley*, 49 A.3d at 1207, there is an identity of claims
between the 2011 Complaint's claim seeking the execution of a
deed and Count One of the second amended complaint.

However, by granting Holland's motion to dismiss, the
Superior Court did not purport to invalidate the *Settlement
Agreement*, and had no occasion to address what rights Jones would
have under the terms of the *Settlement Agreement* once a sale of
the Property had occurred or if conditions were such that Holland
should be attempting to sell the Property.  If the bankruptcy
trustee sells the Property, all of the conditions precedent to
Jones's right to recover under the *Settlement Agreement* will, for
the first time, be satisfied, and *res judicata* does not bar this
court from fixing the amount owed to him under the terms of the
*Settlement Agreement* at that juncture.  Nor does the dismissal
bar Jones from seeking to compel Holland to sell the Property or
to convey to him his one-half ownership interest (so that he may
seek partition) if it is now propitious to attempt to sell the
Property.

<u>Damages Based on Delay in Selling the Property</u>.  The 2011

16

Complaint alleged that Holland had refused in good faith to comply with her obligation under the *Settlement Agreement* to sell the Property, and sought monetary damages as appropriate. Similarly, the second amended complaint asserts that one of the damages suffered by Jones as a result of Holland's conduct is that the Property will fetch a lower price on today's market than it would have in 2006.  That particular claim for damages is barred by the doctrine of *res judicata* (to the extent the other elements of *res judicata* are satisfied).  In the 2011 Superior Court litigation, Jones sought to compel Holland to sell the Property or formalize by way of a deed the *Settlement Agreement's* recognition of Jones's co-ownership interest in the Property. His claims were dismissed under Rule 12(b)(6).  The Superior Court having effectively ruled that the *Settlement Agreement* did not entitle Jones at that juncture to insist that Holland sell the Property, it follows that he is not entitled to assert a right to damages arising from Holland's delay in selling the Property prior to the filing of the 2011 Complaint.

The Claims in Count Two That Debts Established by the *Settlement Agreement* are Nondischargeable Based on the Fraudulent Acts That Gave Rise to the *Settlement Agreement*.  Count Two of the second amended complaint seeks, first, a declaration that any and all debts owed to Jones are nondischargeable under 11 U.S.C. § 523(a)(2)(A).  As discussed earlier in this decision, Jones

remains free to show that the *Settlement Agreement* reflects an obligation that arose out of Holland's fraud.  The claims brought by the 2011 Complaint involved Holland's alleged failure to perform under the *Settlement Agreement*, not the actions that led to the execution of that agreement.  There was no reason for Jones to re-assert claims in the 2011 proceeding that had already been resolved by the *Settlement Agreement*, and *res judicata* does not bar Jones from showing that the debts established by the terms of the *Settlement Agreement* are nondischargeable under § 523(a)(2)(A).

   The Claims in Count Two for Monetary Damages Based on Misrepresentations in Entering Into the *Settlement Agreement*. Count Two asserts a claim that Holland misrepresented her intent to perform under the *Settlement Agreement* when she executed the *Settlement Agreement*, that Jones was thereby harmed (by reason of the delay in selling the property and by reason of having released certain claims in exchange of the *Settlement Agreement*), and that Holland's debts under the *Settlement Agreement* and arising from the misrepresentation are nondischargeable.  The claim for monetary damages in Count Two is sufficiently related to a claim asserted in the 2011 suit (the claim for monetary damages based on Holland's refusing to make a good faith effort to sell the Property as contemplated by the *Settlement Agreement*) that, assuming the other elements of *res judicata* are satisfied,

18

it ought to be barred under the doctrine of *res judicata*.  At the
time of the 2011 litigation, Jones was on notice that Holland was
not performing under the *Settlement Agreement*, and a claim that
Holland entered into the *Settlement Agreement* knowing that she
would not perform would have been ripe and could have been
brought as part of the claim for breach of the *Settlement
Agreement*.

    The Claim in Count Two That Holland's Misrepresentations in
Entering Into the *Settlement Agreement* Render the Debts
Established by the *Settlement Agreement* Nondischargeable.  The
claim that Holland's misrepresentation regarding her intent to
perform under the *Settlement Agreement* results in the debts
arising under the *Settlement Agreement* being nondischargeable is
not barred by *res judicata*.  Jones's previous claim that Holland
failed in good faith to perform under the *Settlement Agreement* is
not a claim broad enough that its dismissal bars any attempt by
Jones, in this proceeding, to show that Holland misrepresented
her intention to perform under the *Settlement Agreement*.  As
discussed later, however, the dismissal of that claim does have
certain effects under the doctrine of collateral estoppel.

    Count Three's Claim for Nondischargeability Under
§ 523(a)(6).  Count Three of the second amended complaint seeks a
declaration of nondischargeability pursuant to 11 U.S.C.
§ 523(a)(6) for willful and malicious injury.  This claim is

19

based on Holland's conduct prior to execution of the *Settlement Agreement*, namely, the alleged acts and deception that led to a stripping of the equity in the Property.  Again, the 2011 Complaint addressed Holland's failure to perform under the *Settlement Agreement*, not the circumstances that led to the execution of the *Settlement Agreement*.  Jones's § 523(a)(6) claim addresses a dispute that the parties had already resolved by the time the 2011 Complaint was filed, and asks this court to evaluate the nature of Holland's conduct leading to the execution of the *Settlement Agreement*, an issue that no court has, to date, addressed.  This inquiry is not barred by *res judicata*.[9]

Count Four's Claims Based on Breach of Fiduciary Duty. Count Four is a claim for breach of fiduciary duty.  The allegations relied upon in support of this claim are the allegations regarding the steps taken by Holland to obtain a power of attorney in her capacity as a real estate agent, to transfer the Property solely to herself, and then to encumber the Property with one or more mortgages.  This all relates to a dispute that was resolved by way of the *Settlement Agreement*.

---

[9]  Count Three repeats the allegation that the debtor executed the *Settlement Agreement* without intending to perform its terms.  If Jones proves such a misrepresentation, that would be relevant to Count Two (debts procured by fraud) but not Count Three (debts arising from willful and malicious injury).

This claim is not barred by *res judicata*.[10]   However, as already noted, Jones's claims for damages arising after execution of the *Settlement Agreement* and prior to the filing of the 2011 Complaint are barred by the doctrine of *res judicata* (to the extent the other elements of *res judicata* are satisfied).

<u>Count Five's Claim Based on § 523(a)(15)</u>.   Count Five is a claim for nondischargeability under 11 U.S.C. § 523(a)(15). *Res judicata* is inapplicable to this claim as the question of whether Holland's obligations concerning the disposition of the jointly owned Property and the *Settlement Agreement* fall within the meaning of § 523(a)(15) was not at issue in the 2011 Superior Court litigation, nor is it a claim that logically should have been included in Jones's claim for relief in that proceeding.   As explained later in this decision, Holland's amended motion for summary judgment again fails to make an adequate showing that Holland is entitled to summary judgment as to Jones's § 523(a)(15) claim.

(3) A Final Judgment on the Merits

---

[10]   Later in this opinion the court will address whether, when viewing the evidence in the light most favorable to Jones, the power of attorney Jones granted to Holland created a fiduciary relationship sufficient to support a § 523(a)(4) claim. As observed in the court's December 5, 2013 decision denying Holland's previous motion for summary judgment, because Jones now alleges that Holland was acting as a real estate agent pursuant to the power of attorney, Jones may be able to show that there was a fiduciary relationship for purposes of his nondischargeability claim under § 523(a)(4).

The Superior Court dismissed Jones's claims for failure to
state a claim for relief pursuant to Rule 12(b)(6).  Whether this
court treats the Superior Court's dismissal under 12(b)(6) as an
adjudication on the merits is a question of state law.  *See Cooke
v. Mortg. Electr. Registration Sys., Inc.*, 2013 WL 2368846, at *2
(D.R.I. May 29, 2013).  In the District of Columbia, unless the
court specifies otherwise in its order for dismissal, a dismissal
under 12(b)(6) for failure to state a claim operates as an
adjudication on the merits.  *See* Super. Ct. Civ. R. 41(b).  *See
also In re Estate of Curseen*, 890 A.2d 191, 192 n.1 (D.C. 2006).

Jones contends that the judgment is not final for purposes
of *res judicata* because he filed a timely motion to amend the
judgment in the Superior Court.  The Superior Court dismissed
that motion without prejudice to re-filing once Holland's
bankruptcy petition is "resolved."  Because the Superior Court
acted on Jones's Rule 59 motion after the automatic stay had
arisen, the denial of the motion was void, and the Rule 59 motion
must be viewed as still pending (and in any event, the denial was
without prejudice to re-filing later).

It is true that the timely filing of a Rule 59 motion to
amend or alter the judgment renders the judgment non-final for
purposes of taking an appeal.  *McGee v. United States*, 62 F.R.D.
205, 208 (E.D. Pa. 1973) (the filing of a timely Rule 59(e)
motion opens the judgment and destroys the finality of the

judgment for purposes of appeal); *Portis v. Harris County, Tex.*, 632 F.2d 486, 487 (5th Cir. 1980).

The timely filing of a Rule 59 motion does not, however, "deprive a judgment of finality for *res judicata* purposes." *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (citing Restatement (Second) of Judgments § 13 comment f (1982)). *See also*, Wright, Miller, Cooper, 18A Fed. Prac. & Proc. Juris. § 4432 (2d ed. April 2014); *Sherman v. Jacobson*, 247 F. Supp. 261, 268 (S.D.N.Y. 1965); *McArdle v. Schneider*, 228 F. Supp. 506 (D. Mass. 1964) (motion to vacate does not deprive judgment of preclusive effect); *Hubbell v. United States*, 171 U.S. 203, 210 (1898) (noting in dicta that "it may well be doubted whether the pendency of a motion for a new trial would interfere in any way with the operation of the judgment as an estoppel."); *Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc.*, 170 F.3d 1373, 1381-82 (Fed. Cir. 1999) (finding the weight of authority in agreement that a judgment is final for estoppel purposes notwithstanding the filing of post-trial motions.). Thus, even though the Superior Court's denial of the Rule 59 motion is void, the judgment is still final for purposes of *res judicata*.

The court in *Mylan Pharmaceuticals* observed that the question of whether a pending post-trial motion ought to render a judgment non-final for preclusion purposes rarely arises because courts typically dispose of post-trial motions expeditiously. It

23

also acknowledged that some courts take the view that, although a
judgment that has been challenged by a post-trial motion to
vacate or for a new trial may be afforded preclusive effect, the
court in which the second proceeding is pending may prefer to
postpone its proceedings to allow for what should be a relatively
quick disposition of any such motion.  Under *Mylan
Pharmaceuticals*, there is a basis for arguing that in some cases,
a court weighing the *res judicata* effect of a judgment entered in
another court should allow a Rule 59 motion to be decided on the
merits before proceeding.  However, Jones has not attempted to
get a ruling on his Rule 59 motion.  It has been more than two
years since Holland commenced her bankruptcy case.  The automatic
stay of 11 U.S.C. § 362(a) barred the continuation of the
litigation of Jones's claims against Holland in the Superior
Court, both as a proceeding against the debtor and as one against
property of the estate.  Once Holland received a discharge, that
discharge terminated the automatic stay with respect to
litigation against the debtor, but replaced it with a discharge
injunction.  *See* 11 U.S.C. §§ 362(c)(2)(C) and 524(a)(2).  The
automatic stay continued with respect to acts against property of
the estate.  Jones failed to file a motion for relief from the
automatic stay or the discharge injunction in order to pursue the
Rule 59 motion.  If Jones sought to avoid the *res judicata* impact
of the judgment entered against him in the Superior Court based

24

upon the filing of a post-judgment Rule 59 motion, he should have taken steps to pursue such a motion.  Accordingly, the Superior Court judgment is a final judgment on the merits for purposes of *res judicata*.[11]

Nevertheless, I will *sua sponte* lift the automatic stay and the discharge injunction to permit Jones to pursue the Rule 59 motion.  He will bear the burden of seeking a prompt resolution of the Rule 59 motion in an attempt to secure a vacating of the order of dismissal upon which Holland's defenses of *res judicata* and collateral estoppel depend.  In the meantime, this adversary proceeding will proceed.

C.

The Collateral Estoppel Effect of
the Judgment Dismissing the 2011 Complaint

Holland's motion also asserts that this adversary proceeding is barred by the doctrine of collateral estoppel (issue preclusion), although she has not briefed that contention.  That doctrine:

> renders conclusive in the same or a subsequent action determination of an issue of fact or law when (1) the

---

[11]  As a practical matter, this forecloses Jones's claim for damages arising from Holland's delay in selling the house during the period preceding the filing of the 2011 complaint.  It also precludes Jones from insisting that he be added to the deed to formalize his status as a co-owner of the Property.  It does not, however, bar him from seeking to have this court fix the amount owed to him under the terms of the *Settlement Agreement* once the trustee sells the Property, or from arguing that those amounts are nondischargeable.

issue is actually litigated and (2) determined by a
valid, final judgment on the merits; (3) after a full and
fair opportunity for litigation by the parties or their
privies; (4) under circumstances where the determination
was essential to the judgment, and not merely dictum.

*Davis v. Davis*, 663 A.2d 499, 501 (D.C. 1995) (quoting *Washington*

*Med. Ctr. v. Holle*, 573 A.2d 1269, 1283 (D.C. 1990)).

In light of the court's *res judicata* analysis in part B,

above, the only claim that remains intact that might be affected

by collateral estoppel is the claim that Holland fraudulently

misrepresented her intent to perform under the *Settlement*

*Agreement*.  The issue of whether Holland misrepresented her

intention to perform under the *Settlement Agreement* was not

necessary to the judgment dismissing the 2011 Complaint.

Accordingly, that judgment does not, under the doctrine of

collateral estoppel, establish whether Holland did or did not

fraudulently misrepresent her intent to perform.  The judgment

dismissing the 2011 Complaint can be viewed as having decided

only that the complaint failed adequately to plead Holland's

failure to perform under the *Settlement Agreement*.  Accordingly,

the judgment dismissing the 2011 Complaint is not a bar, under

the doctrine of collateral estoppel, to finding that the

*Settlement Agreement* was procured by fraudulent representations

as to Holland's intention to perform the *Settlement Agreement*.

Nevertheless:

the doctrine of collateral estoppel applies to final
orders, and a dismissal for failure to state a claim

26

under Rule 12(b)(6) is a final order as a decision on the
merits.  *See Teltronics Services, Inc. v. L M Ericsson
Telecomm., Inc.*, 642 F.2d 31, 34 (2d Cir. 1981)
("judgments under Rule 12(b)(6) are on the merits")
(quoting *Exchange Nat'l Bank of Chicago v. Touche Ross &
Co.*, 544 F.2d 1126, 1130-31 (2d Cir. 1976)); *Faggiano v.
Eastman Kodak Co.*, 378 F.Supp.2d 292, 301 (W.D.N.Y. 2005)
(same); *Cameron v. Church*, 253 F.Supp.2d 611, 619
(S.D.N.Y. 2003) (dismissals for the failure to state a
claim are final orders).

*Nealy v. Berger*, 2009 WL 704804, at *10 (E.D.N.Y. 2009).[12]  The
judgment dismissing the 2011 Complaint determined that Jones had
no claim based on Holland's failure to perform under the
*Settlement Agreement* (whether a good faith or a bad faith
failure); the issue was actually litigated in the context of the
Rule 12(b)(6) motion; the judgment was a final judgment on the
merits; and the finding that no claim existed upon which relief
could be granted was essential to the judgment.[13]  Accordingly,
under *Davis v. Davis*, collateral estoppel applies to bar

---

[12]  *See also Connecticut Nat'l Bank v. Rytman*, 694 A.2d
1246, 1253 n.17 (Conn. 1997) ("To the extent that a federal
dismissal under rule 12(b)(6) actually and necessarily decides
issues identical to those advanced in state court litigation, we
conclude that the federal dismissal may serve collaterally to
estop that state litigation." (citation omitted)).

[13]  When a court's judgment is "based on determinations of
two issues, either of which standing independently would be
sufficient to support the result, the judgment is not conclusive
with respect to either issue standing alone."  *See* Restatement
(Second) of Judgments § 27 cmt. i. (1982).  Although Holland
raised defenses other than the failure to state a claim upon
which relief can be granted, the Superior Court did not base its
judgment on those alternative grounds.  Accordingly,
notwithstanding that Holland raised other defenses, the judgment
cannot be viewed as having been based on alternative grounds that
would render collateral estoppel inapplicable.

27

relitigation of the issue of whether, after execution of the
*Settlement Agreement* and prior to the filing of the 2011
Complaint, Holland failed in good faith to perform under the
*Settlement Agreement*.  In other words, the Superior Court
judgment establishes that the failure to perform after execution
of the *Settlement Agreement* and prior to the filing of the 2011
Complaint was not improper and bars a showing that Holland's
failure to perform during that period was wrongful.  This issue
is relevant in these proceedings to the extent Jones may wish to
rely on evidence of Holland's alleged bad faith failure to
perform during that period to support his claim that Holland
never had any intention of performing under the agreement.  This
does not prevent Jones from showing that Holland never intended
to perform under the *Settlement Agreement*, an issue that is not
barred under the doctrine of collateral estoppel, and thereby
show that the *Settlement Agreement* was obtained as a result of a
misrepresentation.  Rather, it simply limits the evidence of bad
faith or misconduct Jones may rely on to support his claims.

Notwithstanding the court's analysis, Holland's motion did
not brief the issue of collateral estoppel, and Jones should be
free to show that one of the exceptions to the general rule
applies or that the court's analysis is incorrect.

D.

Fiduciary Duty Arising Under Power of Attorney

28

"As a rule, the general fiduciary duty created by a power of attorney gives rise to an agency relationship, but does not give rise to the fiduciary capacity required by section 523(a)(4)." *In re Johnson*, 174 B.R. 537, 541 (Bankr. W.D. Mo. 1994). Depending on the scope and nature of the agency relationship, and the overall circumstances, however, courts may still find that section 523(a)(4) applies to certain agency relationships. *See id.* at 542 (discussing *Rech v. Burgess (In re Burgess)*, 106 B.R. 612, 620 (Bankr. D. Neb. 1989), a case in which section 523(a)(4) was held applicable where a mother gave her son a power of attorney to manage her assets and, prior to filing for bankruptcy, the son "borrowed" money from his mother's assets without her knowledge or consent).  As already observed in this court's memorandum decision denying Holland's prior motion for summary judgment, Jones's second amended complaint contends that Holland had a fiduciary duty that arose under the power of attorney because it was granted to Holland in her capacity as a real estate agent.  Real estate agents are often found to have acted in a fiduciary capacity within the meaning of § 523(a)(4). See, *e.g.*, *In re Wolfington*, 47 B.R. 762 (Bankr. E.D. Pa. 1985); *In re Lawrence*, 10 B.R. 853 (Bankr. E.D. Va. 1981); *In re Rodriguez*, 110 F.3d 69 (9th Cir. 1997).  Holland's motion fails to address this aspect of the complaint, and when viewing the evidence in the light most favorable to Jones, Holland is not

29

entitled to summary judgment as to Jones's § 523(a)(4) claim.

E.

Nondischargeability Under 11 U.S.C. § 523(a)(15)

As with her original motion for summary judgment, Holland
has failed to support her claim to summary judgment on the
question of whether some or all of the debt claimed by Jones is
nondischargeable as a debt "incurred by the debtor in the course
of a divorce or separation or in connection with a separation
agreement, divorce decree or other order of a court of record . .
. ." As previously observed by this court, Jones adequately
preserved this claim in his pretrial statement.

Attached to the second amended complaint is a transcript
from the parties' divorce proceedings in the Superior Court.
During those proceedings, Holland acknowledged the existence of
an agreement between the parties to sell the house. A debt
arising directly under such an agreement would likely qualify as
a debt "incurred by the debtor in the course of a divorce or
separation or in connection with a separation agreement, divorce
decree or other order of a court of record . . . ." The trouble
here is that Jones's claims arise under a different agreement,
namely, the *Settlement Agreement*. The *Settlement Agreement* was
entered into not in connection with the divorce, but rather, for
breach of the earlier agreement to sell the Property and divide
the proceeds. The parties still have not briefed the question of

30

whether, given the protection of spouses that § 523(a)(15) is intended to insure, that protection extends to the *Settlement Agreement* as an outgrowth of the divorce agreement.  The parties' agreement incident to the divorce gave rise to a contingent debt for liability for breach of the agreement, a debt that § 523(a)(15) protects from discharge.  In turn, the *Settlement Agreement* addressed an alleged breach of the divorce agreement and arguably the *Settlement Agreement* is nondischargable under § 523(a)(15) as being traceable to the divorce agreement.  The debtor has not shown that she is entitled to summary judgment with respect to this claim.

IV

An order follows granting Holland partial summary judgment, and otherwise denying Holland's motion, and lifting the automatic stay and the discharge injunction to permit Jones to pursue his Rule 59 motion in the Superior Court.

[Signed and dated above.]


Copies to: Recipients of e-notification of filing.